## THE CITY OF CHICAGO
### *v.*
### BESSIE B. ADCOCK.

*Opinion filed November 1, 1897.*

1. SPECIAL ASSESSMENTS—*property should not be assessed more than it is benefited.* Property should not be assessed to pay for a proposed improvement unless clearly benefited thereby, and then only to the amount which it is actually benefited.

2. SAME—*when confirmation of assessment is properly refused.* Confirmation of a special assessment is properly refused where the improvement to be paid for consists of a sewer connecting with a drainage district in which the property assessed is not located and to which it does not belong, and there is no evidence that the improvement is of any benefit whatever.

APPEAL from the County Court of Cook county; the Hon. RICHARD YATES, Judge, presiding.

JOHN D. ADAIR, for appellant.

DAVID G. ROBERTSON, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county refusing to confirm a special assessment levied to pay the cost of a vitrified tile-pipe sewer to be constructed in Cottage Grove avenue, along a line twenty-four feet east of and parallel with the west line thereof, from the south line of Sixty-first street to a point sixteen

feet south of the north line of Sixtieth street. The streets, location of sewer and land owned by the objector, Bessie B. Adcock, are shown by the following plat:

Lot 16, owned by the objector, as appears from the evidence, is a five-acre lot 300 feet wide and 600 feet long, extending from Sixtieth to Sixty-first street. The assessment roll made by the commissioners appointed to make the assessment shows that the public or the city

of Chicago is not benefited by the improvement, therefore no part of the cost of the improvement was levied on the city, but the entire cost of the improvement, $1031.65, was assessed on the east 125 feet of lot 16,—the property of the objector.

A number of objections were interposed by appellee to a confirmation of the report, and upon a hearing before the court the objections were all sustained. We shall not stop to consider all of the objections urged against the confirmation of the assessment. If there was one valid objection, that would suffice to defeat a judgment of confirmation.

No witness was introduced on the hearing to testify that the improvement was any benefit to the property assessed, but, on the other hand, there was evidence tending to prove that the proposed improvement was of no benefit whatever to the property of the objector. Evidence was introduced tending to show that Sixty-first street, which runs east and west, is a dividing line between separate and distinct drainage districts in the city of Chicago; that property south of Sixty-first street is drained southward and property north of Sixty-first street is drained to the north and west, so that the property of the objector lies in a different drainage district from the one in which the proposed sewer shall run. Why the objector should be required to pay for the construction of a small twelve-inch sewer along the line of her land, connecting with a drainage district in which her lands are not situated and to which they do not belong, is not apparent. The proposed sewer is of no public benefit, as is manifest from the report of the commissioners. From the situation of the streets and location of the property the court, under the evidence, was fully justified in finding that the proposed sewer was no benefit whatever to objector's property.

The commissioners had no right to assess objector's property the entire cost of the improvement unless the

property was actually benefited in that amount. The law never contemplated that assessment should be imposed upon property for the purpose of enabling some person to obtain a job, and commissioners appointed to make an assessment to pay the cost of a proposed improvement should in no case impose the burden of a special assessment upon property unless it clearly appears that the property is actually benefited the full amount it may be assessed.

The judgment of the county court will be affirmed.

*Judgment affirmed.*